UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Hughey,

          Plaintiff,      Case No. 19-10368

v.                            Judith E. Levy
                             United States District Judge

Anthony Easlick,

                             Mag. Judge Elizabeth A.
         Defendant.    Stafford

_____/

## OPINION AND ORDER ON DISPUTED ISSUES FOR TRIAL

On October 4, 2022, the Court held a final pretrial conference. At the conference, the Court ordered the parties to file briefing on the following disputed issues: (i) how the traffic stop and the warrant should be presented to the jury and (ii) the admissibility of the Michigan State Police Incident Report. (*See* ECF No. 47.) Plaintiff filed her brief on October 11, 2022 (ECF No. 51), and Defendant responded on October 17, 2022. (ECF No. 52.) Plaintiff filed a reply on October 21, 2022. (ECF No. 55.)

## I. The Traffic Stop and the Warrant

In their briefing, the parties do not directly address how the traffic stop and the warrant should be presented to the jury.[1] Accordingly, the Court will defer ruling on this issue and address any objections as needed at trial. If desired, the parties may put on evidence at trial demonstrating whether or not the warrant at issue mandated an arrest.

## II. Admissibility of the Michigan State Police Incident Report

The briefing does address the admissibility of the Michigan State Police Incident Report (the "Police Report"). Plaintiff asserts that the Police Report is inadmissible hearsay and that third-party statements in the Police Report must have an independent basis for admission. (ECF No. 51, PageID.635–636.) She also argues that the Police Report is untrustworthy and should not be admitted under Federal Rule of Evidence 803(8). (*Id.* at PageID.636.) Defendant responds that there are no third-party statements in the Police Report, the Police Report is admissible under Rule 803(8) because Defendant prepared the relevant

---

[1] Plaintiff states only that "[t]he police report contains irrelevant evidence regarding Plaintiff's warrant and arrest, which Plaintiff is not contesting." (ECF No. 51, PageID.636.)

2

portion based on his personal knowledge and observations, and the statements in the Police Report made by Plaintiff are admissible under Rule 801(d)(2)(A). (ECF No. 52, PageID.658–660.) Additionally, Defendant asserts that the Police Report is relevant as it documents the events directly at issue in this case. (*Id.* at PageID.660–661.) In her reply, Plaintiff again asserts that the Police Report is untrustworthy and biased. (ECF No. 55, PageID.714–715.) For the reasons set forth below, the Court overrules Plaintiff's objection to the admission of the Police Report.

### A. Relevance

As initial matter, the Police Report is relevant. "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (citation omitted). Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. "[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant; it simply has to advance the ball." *Dortch*, 588 F.3d at 401.

3

Here, Plaintiff asserts that the Police Report "contains irrelevant evidence regarding Plaintiff's warrant and arrest, which Plaintiff is not contesting." (ECF No. 51, PageID.636.) The Police Report plainly provides important context to support Defendant's version of events leading up to and after the arrest, as well as what Defendant understood Plaintiff's complaints of pain to be at the time of the incident. (*See* ECF No. 51-2, PageID.650.) The Report also supports Defendant's contention that he checked the tightness of the handcuffs both before and after she complained of pain. (*See id.*) As such, the Police Report is relevant.

### B. Hearsay

However, to be admissible, the Police Report must also fall into one of the hearsay exceptions. Hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted. Fed. R. Evid. 801(c). "Although Federal Rule of Evidence 802 generally prohibits the introduction of hearsay testimony in the federal courts, Rule 803 lists 24 categories of evidence that 'are not excluded by the hearsay rule, even though the declarant is available as a witness.'" *Miller v. Field*, 35 F.3d 1088, 1090 (6th Cir. 1994). Under the public records exception of Rule 803, records or statements of a public office that set out "a matter

observed while under a legal duty to report" or "factual findings from a legally authorized investigation" are excluded from the rule against hearsay. Fed. R. Evid. 803(8)(A). "This rule 'allows for admission of reports containing opinions and conclusions, as well as facts . . . as long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement.'" *Simpkins v. Boyd Cnty. Fiscal Ct.*, 48 F.4th 440, 453 (6th Cir. 2022) (alteration in original) (quoting *Miller*, 35 F.3d at 1090). "[A] 'lack of personal knowledge is not a proper basis for exclusion of a report otherwise admissible under Rule 803(8).'" *Griffin v. Condon*, 744 F. App'x 925, 931 (6th Cir. 2018) (quoting *Alexander v. CareSource*, 576 F.3d 551, 562–63 (6th Cir. 2009)). However, third-party statements in a public record are not admissible solely because they are contained within that record and must otherwise satisfy an exception to the prohibition on hearsay evidence. *See Miller*, 35 F.3d at 1091; *see also* Fed. R. Evid. 805. The Sixth Circuit and courts within this District have previously held that police reports may constitute public records under Rule 803(8). *See, e.g., Jones v. Sandusky Cnty., Ohio*, 652 F. App'x 348, 356 (6th Cir. 2016); *Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 2287922, at \*4–5 (E.D. Mich. June 24, 2022).

In addition to satisfying the criteria of Rule 803(8)(A), public records are admissible only if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8)(B). "To determine whether an 803(8) report is trustworthy, [the Sixth Circuit] consider[s] four factors: (1) the timeliness of the investigation upon which the report is based; (2) the special skill or experience of the investigators; (3) whether the agency held a hearing; and (4) possible motivational problems." *Simpkins*, 48 F.4th at 453 (citing *Alexander*, 576 F.3d at 563). "This list of factors is not exclusive; any circumstance which may affect the trustworthiness of the underlying information, and thus, the trustworthiness of the findings, must be considered when ruling upon the admissibility of factual findings under this rule." *Id.* at 453–54 (quoting *Alexander*, 576 F.3d at 563). The party opposing admission of the public record bears the burden of demonstrating a record is untrustworthy. *Id.* at 453.

Here, the parties do not appear to dispute that the Police Report is a public record under Rule 803(8)(A). However, Plaintiff asserts that the Court should not admit the Police Report because it is untrustworthy. (*See* ECF No. 51, PageID.636; ECF No. 55, PageID.715.) Specifically, she

6

argues that the Police Report is untrustworthy because Defendant "had just assaulted Plaintiff prior to completing the report." (ECF No. 51, PageID.636.) For the first time in her reply, Plaintiff also asserts that the Police Report is untrustworthy because "there was no hearing prior to this report being made." (ECF No. 55, PageID.715.)

    Plaintiff has failed to carry her burden to demonstrate the Police Report is untrustworthy. First, the Police Report was timely as it was made the same day as Plaintiff's arrest. (*See* ECF No. 51-2, PageID.650.) *See also Chavez v. Carranza*, 559 F.3d 486, 496 (6th Cir. 2009) ("[T]he timeliness factor focuses on how much time passed between the events being investigated and the beginning of the investigation."). Second, Plaintiff fails to explain how Defendant lacked the special skills or experience required to prepare the Police Report. Third, while Plaintiff is correct that no hearing was held, the Sixth Circuit recently reiterated that the lack of a hearing is not dispositive. *Simpkins*, 48 F.4th at 454 ("[T]hough the lack of a formal hearing weighs against trustworthiness, we have noted that 'a formal hearing is not necessary when other indicia of trustworthiness are present[.]'" (quoting *Chavez*, 559 F.3d at 498)). Finally, with respect to potential bias, Plaintiff offers only her conclusory

assertion that "the Defendant officer[']s report cannot be found as trustworthy, as he had just assaulted Plaintiff prior to completing the report." (ECF No. 51, PageID.636.) However, that Defendant is accused of using excessive force against Plaintiff is insufficient to establish bias without some other evidence or explanation. *See Moore v. Bannon*, No. 10-12801, 2012 WL 2154274 (E.D. Mich. June 13, 2012) (finding no evidence that the defendant-officer accused of excessive force was biased or had improper motives in preparing her report). Thus, none of the relevant factors support Plaintiff's assertion that the Police Report is untrustworthy, and Plaintiff has failed to meet her burden under Rule 803(8)(B).

Plaintiff's additional arguments regarding third-party statements in the Police Report are unavailing as the Police Report does not contain any third-party statements. And, as Defendant correctly points out, Plaintiff's statements in the Police Report do not constitute hearsay under Rule 801(d)(2)(A). *See Parker v. Winwood*, 938 F.3d 833, 837 (6th Cir. 2019) ("[A] statement a proponent offers against an opposing party is not hearsay if the opposing party made the statement in an individual or representative capacity.")

8

As such, the Court finds that the Police Report is a public record under Rule 803(8)(A), that Plaintiff has not demonstrated that the Police Report is untrustworthy under Rule 803(8)(B), and Plaintiff's statements in the Police Report are not hearsay. Plaintiff's objection to the admission of the Police Report is therefore overruled.

### III. Admissibility of Dr. Matlen's Report

In addition to the issues identified in the Court's October 5, 2022 Order, Plaintiff also addresses the admissibility of the report of Defendant's expert, Jerry Matlen, M.D. (the "IME Report").[2] (ECF No. 51, PageID.633–635.) Plaintiff argues that such reports are generally inadmissible as hearsay that does not fall under any of the enumerated exceptions. (*Id.*) Defendant responds that Plaintiff has waived this hearsay objection by reading a portion of the IME Report into the record. (ECF No. 52, PageID.657–658.) In her reply, Plaintiff responds that she did not waive her hearsay objection. (ECF No. 55, PageID.713–714.) For the reasons set forth below, the Court will sustain Plaintiff's objection.

---

[2] This issue was previously raised by Plaintiff in the joint final pretrial order. (ECF No. 45, PageID.524, ¶ 6(a) ("Plaintiff objects to the admission of the IME report authored by Dr. Jerry Matlen.").)

9

### A. Hearsay

Plaintiff contends that the IME Report is hearsay. As stated above, hearsay is an out-of-court statement offered by a party to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Unless an exclusion or exception applies, hearsay is inadmissible. *See* Fed. R. Evid. 802. Courts in the Sixth Circuit have concluded that expert reports constitute hearsay under the Federal Rules of Evidence and are therefore admissible only if an exception applies. *See e.g.*, *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) (holding that the district court erred by admitting expert reports as non-hearsay under Rules 702 and 703); *Gould Elecs. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130, 2020 WL 6793335, at *9 (E.D. Mich. Nov. 19, 2020) ("Stated simply, experts testify—not their reports. This is primarily because expert reports created prior to trial . . . are considered hearsay and are inadmissible absent agreement to the contrary."), *aff'd*, No. 20-2257, 2022 WL 1467650 (6th Cir. May 10, 2022); *Smith v. United States*, No. 3:95CV445, 2012 WL 1453570, at *16 (S.D. Ohio Apr. 26, 2012) ("This Court agrees with the Defendant that reports by expert witnesses are not admissible as exhibits.").

Defendant does not appear to dispute that the IME Report constitutes hearsay under Rule 801(c). (*See* ECF No. 52, PageID.657–658.) Nor does Defendant address Plaintiff's assertion that the hearsay exceptions in Rules 803(4) and 803(6) are inapplicable to the IME Report. (*See* ECF No. 51, PageID.634–635.) As such, the Court finds that the IME Report is inadmissible hearsay not subject to any exception.

### B. Waiver

Defendant nevertheless asserts that Plaintiff waived any hearsay objection to the IME Report when Plaintiff's counsel read a portion of the IME Report into the record and failed to make a contemporaneous objection. (ECF No. 52, PageID.634.) In support of this argument, Defendant points only to Rule 103(a), asserting that "[t]he failure to make a contemporaneous objection constitutes a waiver of the objection." (*Id.*) Plaintiff responds that she has not waived this objection.[3] (ECF No. 55, PageID.713–714.)

Plaintiff has not waived her hearsay objection to the IME Report. The Federal Rules of Evidence permit any party to impeach a witness's

---

[3] Plaintiff also asserts that she "timely filed a motion to strike" (ECF No. 55, PageID.714), but there is no such entry on the docket and Plaintiff did not raise the issue at the final pretrial conference. (*See* ECF No. 54.)

credibility. Fed. R. Evid. 607. Rule 613 further provides that "[w]hen examining a witness about the witness's prior statement, a party need not show it or disclose its contents to the witness. But the party must, on request, show it or disclose its contents to an adverse party's attorney." Fed. R. Evid. 613.

Here, the transcript makes clear that Plaintiff was attempting to impeach Dr. Matlen with his prior statements in the IME report:

> Q. Well, you conceded that there was a labral tear, you conceded that can happen with arm pulling, correct?
>
> . . . .
>
> A. Those were found but those are some of the hallmarks of the degenerative cuff arthropathy. That's why I said before you're judged by the company you keep. If you look at all the findings it is most consistent with the underlying degenerative cuff arthropathy with impingement in my opinion.
>
> Q. But it's also –
>
> A. You can discuss that in general it happens with this mechanism and in general it happens with this mechanism and this position and that position, but when you look at all the findings, work up, treatment, and history it's not consistent with a traumatic condition in my opinion.
>
> Q. But she had rotation on -- **you specifically said in your report that you found that there was the exact opposite mechanism that would be expected in an**

> **individual having the subscapularis or biceps tendon findings that were seen during her surgical intervention, correct?**
>
> A. That's correct.
>
> Q. But you did not mention anything in here about the labral tear or the other findings that were objectively manifested through the surgical consult, correct?
>
> A. Well, actually in the first part of this deposition I said those were all consistent with the impingement syndrome.
>
> Q. They are also consistent with having your arm pulled by a police officer while you're handcuffed, right?
>
> A. As I said, in a general statement there are certain traumas that can cause rotator cuff tears, labral tears, subscapularis, and the like findings. However, as I've stated before, with the way I understand the science here and my training and my experience this is not consistent with a post traumatic finding.
>
> Q. Even though she had those findings that are post traumatic that can be classified as a pull by the arm, correct?
>
> A. I've already said that, yes, that's correct.

Matlen Trial Dep. Tr. ("Matlen Tr.") 40:23–42:20, Sept. 2, 2022 (emphasis added). Nothing in the transcript suggests that that Plaintiff sought to admit Dr. Matlen's prior statement in the IME Report for the truth of the matter asserted. *See* Fed. R. Evid. 801(d)(1)(A). Nor did Plaintiff attempt

13

to admit the IME Report as extrinsic evidence of a prior inconsistent statement. *See* Fed. R. Evid. 613(b). As such, the Court concludes that Plaintiff's question on cross examination did not waive her prior hearsay objection to the admission of the IME Report.

According, the Court sustains Plaintiff's objection to the admission of the IME Report.[4]

## IV. Conclusion

For the reasons set forth above, the Court DEFERS RULING on the presentation of the traffic stop and the warrant to the jury, OVERRULES Plaintiff's objection to the admission of the Michigan State Police Incident Report, and SUSTAINS Plaintiff's objection to the admission of Dr. Jerry Matlen's report.

---

[4] This ruling is consistent with the Court's October 24, 2022 Order on pending objections to trial depositions. (ECF No. 56, PageID.716 ("Tr. 29:13–19 – The objection is SUSTAINED. The highlighted portion of the transcript and Tr. 28:18–29:12 are excluded.").)

IT IS SO ORDERED.

Dated: October 26, 2022          s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2022.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager